*Original*

AO 241 (Rev. 09/17)

FILED
RICHARD W. NAGEL
CLERK OF COURT

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: **SOUTHERN** |
|---|---|

| Name (under which you were convicted): **TONY BROWN** | Docket or Case No.: |
|---|---|

| Place of Confinement: **ROSS CORRECTIONAL INST,** | Prisoner No.: **# 631214** |
|---|---|

| Petitioner (include the name under which you were convicted) **TONY BROWN** | Respondent (authorized person having custody of petitioner) v. **TIM SHOOP; WARDEN** |
|---|---|

| The Attorney General of the State of: **OHIO** |
|---|

2:26 CV 0028

**PETITION**

JUDGE SARGUS

MAGISTRATE JUDGE MERZ

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    _CUYAHOGA COUNTY, OHIO - COMMON PLEAS COURT_
    _1200 ONTARIO ST. CLEVELAND, OHIO 44113_

    (b) Criminal docket or case number (if you know): _CR-12-560590_

2.  (a) Date of the judgment of conviction (if you know): _AUGUST 6, 2012_

    (b) Date of sentencing: _AUGUST 15, 2012_

3.  Length of sentence: _31 YEARS_

4.  In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    _2, COUNTS AGGRAVATED BURGLARY (R.C. 2911.11) W/ FIREARM SPECIFICATIONS_
    _1, COUNT AGGRAVATED ROBBERY (R.C. 2911.01) W/ FIREARM SPECIFICATIONS_
    _1, COUNT KIDNAPPING (R.C. 2905.01) W/ FIREARM SPECIFICATIONS_
    _1, COUNT THEFT (R.C. 2913.02)_
    _1, COUNT WEAPONS UNDER DISABILITY (R.C. 2923.13)_

6.  (a) What was your plea? (Check one)

    ☑ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
    ☐ (2) Guilty        ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_PLEADED NOT GUILTY TO ALL CHARGES_

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☑ No

8.  Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:  _OHIO COURT OF APPEALS (EIGHTH DISTRICT)_

(b) Docket or case number (if you know):  _#98881_

(c) Result:  _APPEAL DENIED, JUDGMENT AFFIRMED_

(d) Date of result (if you know):  _JUNE 27, 2013_

(e) Citation to the case (if you know):  _2013 OHIO 2690_

(f) Grounds raised:  _1) DENIAL OF RULE 29 MOTION FOR INSUFFICIENT EVIDENCE_
_2) MANIFEST WIEGHT OF EVIDENCE_
_3) PROSECUTOR MISCONDUCT FOR INAPPROPRIATE COMMENTS_
_RE: D.N.A DURING CLOSING ARGUEMENTS_

(g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Name of court:  _N.A._

(2) Docket or case number (if you know):  _N.A._

(3) Result:  _N.A._

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _N.A._

(5) Citation to the case (if you know): _N.A._

(6) Grounds raised: _N.A._

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _N.A._

(2) Result: _N.A._

(3) Date of result (if you know): _N.A._

(4) Citation to the case (if you know): _N.A._

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _OHIO SUPREME COURT_

(2) Docket or case number (if you know): _# 2025 - 0422_

(3) Date of filing (if you know): _MARCH 24, 2025_

(4) Nature of the proceeding: _APPEAL OF DENIED MOTION PETITION_

(5) Grounds raised: _VIOLATIONS OF APPELLATE RULES 9 AND 10 THAT DENIED PROCEDURAL RIGHTS ON APPEAL; — DENIAL OF MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL; DESTROYING AND SUPPRESSING MATERIAL/BRADY EVIDENCE; — RELIANCE ON PERJURED TESTIMONY TO CONVICT; — DENIAL OF EVIDENTIARY PROCEDURAL HEARING BY TRIAL COURT AND APPEALS COURT DENIAL OF POST CONVICTION RELIEF PETITION (THAT INCLUDES ALL CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL; NO EVIDENCE OF GUN OPERABILITY)._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: _N.A._

Page 4 of 16

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____ N.A. _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _CUYAHOGA COUNTY COMMON PLEAS COURT_

(2) Docket or case number (if you know): _CR 12-560590_

(3) Date of filing (if you know): _AUGUST 25, 2023_

(4) Nature of the proceeding: _MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL PETITION FOR POST CONVICTION RELIEF_

(5) Grounds raised: _DESTROYING AND SUPPRESSING MATERIAL/BRADY evidence; — RELIANCE ON PERJURED TESTIMONY BY ACCUSERS; — NO evidence OF GUN OPERABILITY; — INEFFECTIVE ASSISTANCE OF COUNSEL (PETITION FOR POST CONVICTION RELIEF_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: _MOTION/PETITION DENIED_

(8) Date of result (if you know): _MARCH 28, 2024_

(c) If you filed any third petition, application, or motion, give the same information: _APPEALED DENIAL_

(1) Name of court: _OHIO COURT OF APPEALS (EIGHTH DISTRICT)_

(2) Docket or case number (if you know): _#113818_

(3) Date of filing (if you know): _MARCH 28, 2024_

(4) Nature of the proceeding: _APPEAL OF DENIED MOTION/PETITION_

(5) Grounds raised: _DENIAL OF MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL; — DENIAL OF POST CONVICTION RELIEF PETITION (i.E. INEFFECTIVE ASSISTANCE OF COUNSEL); — DESTROYING AND SUPPRESSING MATERIAL/BRADY evidence; NO evidence OF GUN OPERABILITY_

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _Appeal Denied_

(8) Date of result (if you know): _January 30, 2025_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☑ No

(2) Second petition:    ☑ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No   _N.A._

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_Attorney Abandoned Appellant at end of 2013 Appeal evidence discovered in 2022, destroyed by the State_

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: _Appeals Court Violating Appellate Rules 9 And 10 Violates Due Process Rights Under 14th Amendment In U.S. Constitution_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_The State District Appeals Court Totally disregarded All of Petitioner's Appellate procedural Rights defined In Ohio Appellate Rules 9 And 10 by Allowing The State to Not Produce The Mandatory Required Cert-ified Trial Transcript with Its Trial evidence exhibits In Violation of State Laws And The 14th Amendment of The U.S. Constitution_

(b) If you did not exhaust your state remedies on Ground One, explain why:

_N.A._

AO 241 (Rev. 09/17)

(c) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

    (2) If you did not raise this issue in your direct appeal, explain why: *THIS VIOLATION OCCURED ONLY dURING THE 2024-2025 APPEAL, NOT dURING THE 2012 APPEAL.*

**(d) Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐ No *??*

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: *IT WAS Added And RAISed dURING PENdING APPEAL*

    Name and location of the court where the motion or petition was filed:

    *OHIO COURT OF APPEALS (EIGHTH DISTRICT)*

    Docket or case number (if you know): *# 113818*

    Date of the court's decision: *JANUARY 30, 2025*

    Result (attach a copy of the court's opinion or order, if available):

    *APPEAL DENIED (AT: 2025 OHIO 274)*

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

    (4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    *OHIO SUPREME COURT (COLUMBUS, OHIO)*

    Docket or case number (if you know): *# 2025-0422*

    Date of the court's decision: *JUNE 10, 2025*

    Result (attach a copy of the court's opinion or order, if available): *APPEAL DENIED (2025 OHIO LEXIS 1164)*

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    *N.A.*

AO 241 (Rev. 09/17)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One: *APPEAL FILED TO OHIO SUPREME COURT*
*APPEAL DENIED AT; 2025 OHIO 1164*

**GROUND TWO:** *SUPPRESSION AND DESTROYING MATERIAL BRADY EVIDENCE*
*VIOLATED PETITIONER'S DUE PROCESS RIGHTS IN THE 14th AMENDMENT (U.S. CONST.)*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The STATE'S SUPPRESSING AND DESTROYING EXCULPATORY MATERIAL BRADY*
*EVIDENCE VIOLATED STATE LAWS AND PETITIONER'S DUE PROCESS RIGHTS*
*DEFINED IN THE 14th AMENDMENT OF THE U.S. CONSTITUTION.*

(b) If you did not exhaust your state remedies on Ground Two, explain why:

*N.A.*

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *THE DESTRUCTION; SUPPRESSION*
*AND EXISTANCE OF THE MATERIAL BRADY EVIDENCE WAS NOT*
*DISCOVERED AND EXPOSED UNTIL 2022 - 2023*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL*
*AND PETITION FOR POST CONVICTION RELIEF*

Name and location of the court where the motion or petition was filed:

*CUYAHOGA COUNTY COMMON PLEAS COURT*

Docket or case number (if you know): *# CR 12-560590*

AO 241 (Rev. 09/17)

Date of the court's decision: _____ MARCH 28, 2024 _____

Result (attach a copy of the court's opinion or order, if available): _____

_____ MOTION/PETITION DENIED _____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____ OHIO COURT OF APPEALS (EIGHTH DISTRICT) _____

Docket or case number (if you know): _____ #113818 (2025 OHIO 274) _____

Date of the court's decision: _____ JANUARY 30, 2025 _____

Result (attach a copy of the court's opinion or order, if available): _____ APPEAL DENIED _____

_____ (AT; 2025 OHIO 274) _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ N.A. _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two: APPEAL FILED TO OHIO SUPREME

COURT, APPEAL DENIED AT; 2025 OHIO LEXIS 1164

GROUND THREE: DENIAL OF MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL

AND I.E./POST CONVICTION RELIEF PETITION VIOLATED PETITIONER'S DUE

PROCESS RIGHTS IN THE 14th AMENDMENT IN THE U.S. CONSTITUTION.

(SUPPORTING FACTS)

THE DENIAL OF PETITIONER'S MOTION FOR LEAVE TO FILE MOTION FOR

NEW TRIAL AND I.E. POST RELIEF PETITION (THAT CONTAINS CLAIMS OF

INEFFECTIVE ASSISTANCE OF COUNSEL, RELIANCE ON ACCUSER'S PERJURED

TESTIMONY, NO EVIDENCE OF GUN OPERABILITY) WHICH VIOLATED THE

14th AMENDMENT IN THE U.S. CONSTITUTION.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_N.A._

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

_INEFFECTIVE APPELLATE COUNSEL REFUSED TO FILE THOSE CLAIMS AND ABANDONED MY CASE_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL AND PETITION FOR POST CONVICTION RELIEF_

Name and location of the court where the motion or petition was filed:

_CUYAHOGA COUNTY COMMON PLEAS COURT_

Docket or case number (if you know): _CR 12-560590_

Date of the court's decision: _MARCH 28, 2024_

Result (attach a copy of the court's opinion or order, if available):

_MOTION / PETITION DENIED_

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_OHIO COURT OF APPEALS (EIGHTH DISTRICT)_

Docket or case number (if you know): _#113818_

Date of the court's decision: _JANUARY 30, 2025_

Result (attach a copy of the court's opinion or order, if available): _APPEAL DENIED_

_(AT; 2025 OHIO 274)_

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N.A._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _APPEAL FILED TO OHIO SUPREME_

_COURT. APPEAL DENIED AT; 2025 OHIO LEXIS 1164_

**GROUND FOUR:** _DENIAL OF EVIDENTIARY HEARINGS by THE TRIAL COURT AND_
_APPEALS COURT VIOLATED 14th AMENDMENT IN U.S. CONSTITUTION_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_THE TRIAL COURT (I.E. AND APPEALS COURT) DENIAL OF AN EVIDENTIARY_
_HEARING DENIED PETITIONER HIS REQUIRED PROCEDURE RIGHT IN VIOLATION_
_OF HIS DUE PROCESS RIGHTS IN THE 14th AMENDMENT IN THE U.S._
_CONSTITUTION._

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_N.A._

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

_VIOLATIONS OCCURED DURING APPEALS IN 2023 - 2025_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL_
_AND PETITION FOR POST CONVICTION RELIEF_

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

_CUYAHOGA COUNTY COMMON PLEAS COURT_

Docket or case number (if you know):   _# CR 12-560590_

Date of the court's decision:   _MARCH 28, 2024_

Result (attach a copy of the court's opinion or order, if available):

_MOTION / PETITION DENIED_

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_OHIO COURT OF APPEALS (EIGHTH DISTRICT)_

Docket or case number (if you know):  _#113818_

Date of the court's decision:  _JANUARY 30, 2025_

Result (attach a copy of the court's opinion or order, if available):  _APPEAL DENIED_

_(AT: 2025 OHIO 274)_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N.A._

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:  _APPEAL FILED TO OHIO_

_SUPREME COURT, APPEAL DENIED AT: 2025 OHIO LEXIS 1164_

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:    _____ N.A. _____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

_____ NO — _____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
of any court opinion or order, if available.    _____ N.A. _____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
raised.    _____ N.A. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _UNKNOWN_

(b) At arraignment and plea: _UNKNOWN_

(c) At trial: _DANIEL SHIeldS_

(d) At sentencing: _DANIEL SHIeldS_

(e) On appeal: _PATRICK TALTY_

(f) In any post-conviction proceeding: _PRO se;_

(g) On appeal from any ruling against you in a post-conviction proceeding: _PRO Ses;_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_N.A._

(b) Give the date the other sentence was imposed: _N.A._

(c) Give the length of the other sentence: _N.A._

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_INeFFecTive ASSISTANce by APPellATe Counsel IN 2012-2013 WHO ReFused To RAiSe THeSe APPeAL CLAIMS NOW AT BAR. New evidence WAS NOT discovered by PeTiTiONeR UNTIL 2022-2023. PeTiTiONeR ONLy WAS INFORMed IN 2023 THAT THe STATe HAd JuST desTROyed MATeRiAL exculpATORY BRAdy_

AO 241 (Rev. 09/17)

evidence when 2022 Public Records demands were submitted.
Petitioner has never filed any Federal Habeas Corpus,
Petitioner was only informed by the State And Appeals
Court in 2024 that the Trial exhibits (Attached to the Trial
Transcript) Are gone And missing.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *REVERSE AND VACATE CONVICTIONS AND SENTENCE*

or any other relief to which petitioner may be entitled.

_____
Signature

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _January 7, 2026_ (month, date, year).

Executed (signed) on _1-7-26_ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____ N, A _____

_____

_____

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

TONY BROWN
            PETITIONER
        v.                                    **AFFIDAVIT OF PRISONER**

TIM SHOOP, WARDEN
            RESPONDENT
                                        Case Number:

I, _TONY BROWN_____, declare that I am the

_✓_____ petitioner          _____
_____ defendant/respondent
                                other

in the above-entitled proceeding. I am requesting to proceed without being required to prepay the entire filing fee. In support of my request, I state that because of my poverty, I am unable to prepay the entire filing fee or give security therefor.

In further support of this request, I answer the following questions.

1. Are you presently employed?
_____yes _✓_ no

    a. If the answer is "yes" state the amount of your salary or wages per month.
                N.A.

    b. If the answer is "no" state the date of last employment and the amount of the salary and wages per month which you received.

2. Do you have a work, program or status assignment, or other circumstance which causes you to be paid by the agency which has custody of you?
_✓_ yes _____no

If the answer is "yes" state the amount paid or credited to you each month.

$

3. Have you received, within the past twelve months, any money from any of the following sources?

    a. Business, profession or other form of self-employment?
    _____ yes ✓ no

    b. Rent payments, interest or dividends?
    _____ yes ✓ no

    c. Pensions, annuities or life insurance payments?
    _____ yes ✓ no

    d. Gifts or inheritances?
    _____ yes ✓ no

    e. Any other sources?
    ✓ yes _____ no

If you answered "yes" to any of the above questions, describe each source of money and state the amount received from each during the past twelve months.

*CASHIER FINANCIAL STATEMENT ATTACHED*

4. Do you own any cash, or do you have money in checking or savings accounts?
_____ yes ✓ no

If the answer is "yes" state the total value of the items owned?

*N.A.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **1-7-26**
    Date

S/ _____
Signature of Applicant

# The Supreme Court of Ohio

---

## CASE ANNOUNCEMENTS

## June 10, 2025

[Cite as *06/10/2025 Case Announcements*, 2025-Ohio-2048.]

---

## MERIT DECISIONS WITHOUT OPINIONS

**2025-0543.  State ex rel. Huffman v. Davis.**
In Habeas Corpus.  Sua sponte, cause dismissed.

Kennedy, C.J., and Fischer, DeWine, Brunner, Hawkins, and Shanahan, JJ., concur.

Deters, J., not participating.

**2025-0558.  Garner v. Black.**
In Habeas Corpus.  Sua sponte, cause dismissed.

Kennedy, C.J., and Fischer, DeWine, Brunner, Deters, Hawkins, and Shanahan, JJ., concur.

## MOTION AND PROCEDURAL RULINGS

**2025-0499.  State v. Martin.**
Franklin App. No. 23AP-340, 2025-Ohio-89.  On motion for leave to file delayed appeal.  Motion denied.

Kennedy, C.J., and Fischer and Brunner, JJ., dissent.

**2025-0500.  State v. Biddle.**
Belmont App. No. 24 BE 0035, 2025-Ohio-568.  On motion for leave to file delayed appeal.  Motion granted.  Appellant shall file a memorandum in support of jurisdiction within 30 days.

Hawkins, J., dissents.

**2025-0512. State v. Jones.**
Cuyahoga App. No. 108371, 2020-Ohio-3367. On motion for leave to file delayed appeal. Motion denied.

**2025-0530. State v. Kimble.**
Erie App. No. E-23-054, 2025-Ohio-310. On motion for leave to file delayed appeal. Motion granted. Appellant shall file a memorandum in support of jurisdiction within 30 days.

> Deters and Hawkins, JJ., dissent.


## APPEALS ACCEPTED FOR REVIEW

**2025-0439. State v. Taylor.**
Hamilton App. No. C-250046. Sua sponte, cause held for the decision in 2024-1608, *State v. King*.

**2025-0458. N. Canton Dept. of Dev. Servs. v. CF Homes, L.L.C.**
Stark App. No. 2024CA00108, 2025-Ohio-522.

> Brunner, J., dissents.

**2025-0504. State v. Barber.**
Hamilton App. No. 240239, 2025-Ohio-1193. Sua sponte, cause held for the decision in 2024-1050, *State v. Striblin*.

> Kennedy, C.J., would not hold the cause.


## APPEALS NOT ACCEPTED FOR REVIEW

**2024-1651. State v. Durham.**
Tuscarawas App. No. 2023 AP 10 0050, 2024-Ohio-3289.

**2025-0052. State v. Bates.**
Cuyahoga App. No. 113438, 2024-Ohio-2909.

**2025-0221. State v. Linek.**
Pickaway App. No. 23CA13, 2024-Ohio-6127.

06-10-2025

**2025-0401.  State v. Van Pernis.**
Lawrence App. No. 24CA9, 2025-Ohio-365.

**2025-0404.  Mills v. Mills.**
Cuyahoga App. No. 113819, 2025-Ohio-452.

**2025-0407.  State v. Hough.**
Franklin App. No. 23AP-478, 2024-Ohio-2430.

**2025-0409.  State v. Forrest.**
Allen App. No. 1-23-31, 2024-Ohio-5861.

**2025-0416.  State v. Keen.**
Muskingum App. No. CT2024-0087.

**2025-0421.  State v. Yost.**
Columbiana App. No. 24 CO 0016, 2025-Ohio-380.

**2025-0422.  State v. Brown.**
Cuyahoga App. No. 113818, 2025-Ohio-274.

**2025-0423.  State v. Brand.**
Hamilton App. No. C-240376, 2025-Ohio-669.   Appellant's motion denied as moot.

> Kennedy, C.J., would deny the motion on the merits.
> Brunner, J., dissents in part and would grant the motion.
> Fischer and Deters, JJ., not participating.

**2025-0425.  State v. Lewis.**
Cuyahoga App. No. 114775.

**2025-0427.   Lake Erie Outdoor Group, L.L.C. v. Orchard Culinary & Hospitality Dev., L.L.C.**
Ottawa App. No. OT-24-035.

**2025-0431.  Golub v. Sharrard.**
Stark App. No. 2024CA00022, 2024-Ohio-6037.

06-10-2025

**2025-0432.  Rau v. Miami Valley Hosp.**
Montgomery App. No. 30032, 2025-Ohio-13.
    Kennedy, C.J., and Hawkins, J., dissent.

**2025-0433.  Argote-Romero v. LAZ Parking Ltd., L.L.C.**
Franklin App. No. 24AP-250, 2025-Ohio-400.

**2025-0435.  Gadson v. Scott.**
Cuyahoga App. No. 113740, 2025-Ohio-7.

**2025-0437.  State v. Grashel.**
Pickaway App. No. 22CA6, 2025-Ohio-580.

**2025-0444.  Wiesen v. Wiesen.**
Summit App. No. 31063, 2025-Ohio-446.

**2025-0445.  Hasbrook v. Hasbrook.**
Van Wert App. No. 15-24-08, 2025-Ohio-418.

**2025-0447.  Pioneer v. Williams Cty. Bd. of Commrs.**
Williams App. No. WM-24-007, 2025-Ohio-497.
    Kennedy, C.J., dissents.

**2025-0454.  State v. Ramilla.**
Greene App. No. 2024-CA-33, 2025-Ohio-678.

**2025-0456.  State v. Perenkovich.**
Stark App. No. 2024 CA 00046, 2025-Ohio-521.

**2025-0457.  Rankin v. Mahaffey.**
Adams App. No. 24CA1200.

**2025-0459.  Richart v. Greenlee.**
Montgomery App. No. 30368.

**2025-0463.  Kozlowski v. Geothermal Professionals Ltd.**
Geauga App. No. 24-G-0038.

**2025-0466.  State v. Mitchell.**
Portage App. Nos. 2024-P-0047 and 2024-P-0051, 2025-Ohio-809.

06-10-2025

**2025-0467. In re H.O. v. J.O.**
Franklin App. No. 24AP-529.
    Fischer and Brunner, JJ., dissent.

**2025-0473. State v. Shropshire.**
Clermont App. Nos. CA2024-02-012 and CA2024-02-013, 2025-Ohio-881.
    Fischer, J., dissents.

**2025-0503. St. John v. Univ. Hosps.**
Cuyahoga App. No. 114220, 2025-Ohio-653.

**2025-0523. State v. Harris.**
Richland App. No. 2024-CA-0037, 2025-Ohio-692.

**2025-0576. State v. Lee.**
Licking App. No. 2024 CA 00049, 2025-Ohio-875.

## RECONSIDERATION OF PRIOR DECISIONS

**2024-1694. State ex rel. Barker v. Muskingum Cty. Clerk of Courts.**
In Mandamus. Reported at 2025-Ohio-1313. On motion for reconsideration. Motion denied. Relator's motion for sanctions and motion for protective order denied.

**2025-0086. Ryan v. Ryan.**
Franklin App. No. 23AP-554 and 24AP-72, 2024-Ohio-5691. Reported at 2025-Ohio-1090. On motion for reconsideration. Motion denied.

**2025-0548. State v. Reichelderfer.**
Holmes App. No. 24CA009, 2025-Ohio-899. Reported at 2025-Ohio-1615. On appellant's motion to substitute corrected emergency motion for stay of execution. Motion denied. Appellant's amended motion to reinstate jurisdictional appeal and vacate dismissal denied.
    Deters and Hawkins, JJ., would deny the motion to substitute as moot.
    DeWine, J., dissents in part and would grant the motion to substitute.

06-10-2025

*original*

## IN THE SUPREME COURT OF OHIO

STATE OF OHIO
    PLAINTIFF / APPELLEE

    V.

TONY BROWN
    DEFENDANT / APPELLANT

SUPREME COURT NO. 25-0422

APPEALS COURT NO. CA-24-113818

TRIAL COURT NO. CR 12-560590

### NOTICE OF APPEAL

    DEFENDANT APPELLANT — TONY BROWN — IN PRO SE WITHOUT COUNSEL; DOES HEREBY GIVE TIMELY NOTICE THAT HE APPEALS THE JUDGMENT AND THE DECISION OF THE OHIO COURT OF APPEALS EIGHTH APPELLATE DISTRICT ISSUED ON FEBUARY 11, 2025 (DENIAL OF EN BANC / RECONSIDERATION MOTION) AND DENIAL OF APPEAL DECISION ISSUED ON JANUARY 30, 2025 (IN; 2025 OHIO-274).

    APPELLANT'S APPEAL INVOLVES A FELONY AND HE IS CHALLENGING HIS FELONY CONVICTIONS AND SENTENCE.

    THIS CASE RAISES A SUBSTANTIAL CONSTITUTIONAL QUESTION OF OUTRIGHT DENIAL OF MANDATORY AND STATUTORY PROCEDURE AND APPELLATE RIGHTS OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.

    THIS CASE IS OF GREAT PUBLIC INTEREST BECAUSE THE APPELLATE COURT'S JUDGMENT AND DECISIONS HAVE DIRECTLY LEGISLATED FROM THE BENCH AND HAS ELIMINATED ALL OF APPELLANT'S MANDATORY PROCEDURE RIGHTS IN APPELLATE Rules 9, 10, AND IS IN TOTAL CONFLICT WITH established AUTHORITIES OF LAW IN; STATE V. GARCIA; 2020 OHIO-3026 AND STATE V. TIEDJEN; 2019 OHIO-2430. THIS IS A CASE IN RE; DESTROYED AND CONCEALED exculpatory evidence.

DATE OF;

RECEIVED
MAR 24 2025
CLERK OF COURT
SUPREME COURT OF OHIO

FILED Submitted by;
SI
MAR 24 2025 TONY BROWN
CLERK OF COURT
SUPREME COURT OF OHIO

## Service

A COPY OF THIS NOTICE OF APPEAL WAS FORWARDed by U.S. MAIL AND I.E., by electRONIC E-MAIL TO; THE OFFICE OF THE CUYAHOGA COUNTY PROSECUTOR AT; 1200 ONTARIO ST. CLEVELAND, OHIO ON THIS DATE OF; 3-18-2025

S/ _[signature]_

TONY BROWN

# Court of Appeals of Ohio, Eighth District

County of Cuyahoga
Nailah K. Byrd, Clerk of Courts

STATE OF OHIO

|  | Appellee | COA NO. | LOWER COURT NO. |
|  |  | 113818 | CR-12-560590-A |

COMMON PLEAS COURT

-vs-

TONY BROWN

|  | Appellant | MOTION NO. 581708 |

Date 03/19/25

---

### Journal Entry

---

This matter is before the court on appellant's application for en banc consideration. Pursuant to App.R. 26, Loc.App.R.26, and McFadden v. Cleveland State Univ., 2008-Ohio-4914, we are obligated to resolve conflicts between two or more decisions of this court on any issue of law that is dispositive of the case and in which en banc consideration is necessary to secure and maintain uniformity of this court's decisions. Pursuant to State v. Forrest, 2013-Ohio-2409, ¶ 18, the application may be reviewed by the panel that originally decided the appeal to determine whether the application has any arguable merit.

Upon review, in accordance with Forrest, we find no arguable merit to appellant's contention that a conflict exists on a dispositive point of law between the panel decision and the prior decisions from this court identified in the application. Therefore, the requirements for en banc consideration have not been met. With no other judge of this court objecting, appellant's application for en banc consideration is denied.

Judge Mary J. Boyle, Concurs

Judge Anita Laster Mays, Concurs

Kathleen Ann Keough
Presiding Judge



179094413

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

TONY BROWN
    Defendant

Case No: CR-12-560590-A

Judge: NANCY MARGARET RUSSO

INDICT: 2911.11 AGGRAVATED BURGLARY /FRM1 /FRM3
        2911.11 AGGRAVATED BURGLARY /FRM1 /FRM3
        2911.01 AGGRAVATED ROBBERY /FRM1 /FRM3
        ADDITIONAL COUNTS...

## JOURNAL ENTRY

SUPPLEMENTAL JE ISSUED - OSJ.

03/28/2024
CPDL2 03/28/2024 13:09:16

_____
Judge Signature         3/28/24 Date

2024 MAR 28 D 3: 15
CLERK OF COURTS
CUYAHOGA COUNTY

HEAR
03/28/2024

Page 1 of 1

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. CR-12-560590 |
| | ) | |
| Plaintiff | ) | JUDGE NANCY MARGARET RUSSO |
| | ) | |
| vs. | ) | |
| | ) | |
| TONY BROWN | ) | OPINION AND ORDER |
| | ) | |
| Defendant | ) | |

## Background

This matter came before the court on Defendant Tony Brown's Motion for Leave to File a

Motion for New Trial and Petition for Post-Conviction Relief.

Brown was arrested on March 6, 2012, and on March 19, 2012, he was indicted on eleven

counts — two counts of aggravated burglary in violation of R.C. 2911.11(A)(1) and (A)(2); one

count of aggravated robbery in violation of R.C. 2911.01(A)(1); one count of felonious assault in

violation of R.C. 2903.11(A)(2); five counts of kidnapping in violation of R.C. 2905.01(A)(2);

one count of aggravated theft in violation of R.C. 2913.02(A)(1); and one count of having

weapons while under disability in violation of R.C. 2923.13(A)(3). Nine of the eleven counts

included one-year and three-year firearm specifications under R.C. 2941.141. The case

proceeded to a jury trial on the first ten counts; the eleventh count, having weapons while under a

disability, was bifurcated and tried to the bench. At the conclusion of the state's case, Brown

moved for acquittal on all charges. The court denied the motion. Brown then rested without

presenting any witnesses. On August 6, 2012, Brown was found guilty on all counts except the

felonious assault count. As to the felonious assault charge, the jury returned a verdict of not

guilty. On August 15, 2012, the trial court sentenced Brown to an aggregate prison term of 31 years for the offenses of which he had been convicted.

On August 6, 2012 Defendant Brown appealed his conviction in CA-12-098881. In his appeal, Defendant argued three assignments of error: sufficiency and manifest weight of the evidence and prosecutorial misconduct in closing statements. The Eighth District affirmed Defendant's conviction and sentence. *State v. Brown*, 8th Dist. Cuyahoga No. 98881, 2013-Ohio-2690.

On August 25, 2023 Defendant Brown filed, pro se, a Motion for Leave to File a Motion for New Trial and a Petition for Post-Conviction Relief.

## I. Defendant's Motion for Leave to File a Motion for New Trial based on newly discovered evidence Ohio Crim. R. 33(B)

Crim.R. 33(A)(6) provides that a defendant's motion for a new trial may be granted "when new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Motions for new trial based on newly discovered evidence must be filed within 120 days of the verdict; otherwise, leave of court must be sought and granted. Crim.R. 33(B). To obtain leave, Crim.R. 33(B) requires that "the defendant must demonstrate clear and convincing proof that the defendant was unavoidably prevented from filing the motion for a new trial." *State v. Walker*, 8th Dist. Cuyahoga No. 112142, 2023-Ohio 2689, ¶ 13 citing *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513 (where the Ohio Supreme Court stated, "[t]he sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." Id. at ¶ 30.) Crim.R. 33(B), "does not establish a time

frame in which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence." *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 55.

"The standard of 'clear and convincing evidence' is defined as 'that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gray*, 2010-Ohio-11, ¶ 14, citing *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus.

A defendant is 'unavoidably prevented' from filing a motion for a new trial "if he has no knowledge of the existence of the evidence or grounds supporting the motion for a new trial, and could not have learned of the matters concerned within the time provided by Crim.R. 33(B), in the exercise of reasonable diligence." *State v. Sawyer*, 8th Dist. Cuyahoga No. 85911, 2005-Ohio-6486, ¶ 11. "Given the defendant's obligation to exercise reasonable diligence, the defendant cannot claim that evidence was undiscoverable simply because no one made efforts to obtain the evidence sooner." *State v. Cashin*, 10th Dist. Franklin, No. 17AP-338, 2017-Ohio-9289, ¶ 16, citing *State v. Graggs*, 10th Dist. No. 16AP-611, 2017-Ohio-4454, ¶ 15; *State v. Noor*, 10th Dist. No. 16AP-340, 2016-Ohio-7756, ¶ 17; *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 14. "Mere conclusory allegations do not prove that the defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *Cashin* at ¶ 17 (internal citations omitted).

Here, because Brown is requesting a new trial based on newly discovered evidence more than 120 days after the verdict in this matter was rendered, Brown must first seek leave from the

Court to file a motion for a new trial. To obtain leave of this Court, Brown must demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence and filed his Motion within a reasonable time after discovering the new evidence.

Brown asserts that he was unavoidably prevented from discovering the BCI DNA testing reports and the issues with chain of custody until 2023. Brown states that pursuant to R.C. 149.43 he is prohibited from obtaining public records, since he is incarcerated. As a result, Brown claims he was forced to wait until 2022 when Ashley Paddock, a family friend, pursued his public record request in 2022. While R.C. 149.43(B)(8) places restrictions on an inmate's access to public records, it is not an outright prohibition. R.C. 149.43(B)(8) states:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary, to support what appears to be a justiciable claim of the person.

For an incarcerated person to obtain public records, they must first request the material from the court and establish that the information is necessary to support a justiciable claim. Brown offered no evidence to establish that he complied with this requirement.

Accordingly, Brown does not meet the standard of proving by clear and convincing evidence that he was unavoidably prevented from obtaining this information.

Brown also claims that he never knew of the BCI DNA testing, reports, and chain of custody until 2023. However, the BCI reports were submitted as evidence at trial with extensive accompanying testimony by various forensics experts. See State's Trial Exs. 50, 51, 53, 54, 134,

4

and 136. Further, both Leslie Slocum and Desdemona Sanderfer testified at trial that the t-shirt

found in the bathroom after police had searched was bagged and taken to police. Tr. 540-541;

1090-1092. Therefore, Brown's claim that he had no knowledge of the DNA testing, report, or

chain of custody until 2023 is unsupported by the record.

Brown claims that he never saw the reports or any of the evidence that he attached as

exhibits. The State explains in their Brief in Opposition that the reason Brown never saw the

physical documentation is because it was all labeled "Counsel Only" and this evidence was

provided during the discovery process to Brown's trial attorney. Upon review of several

discovery responses filed by the State, it is evident that the majority of the evidence in this case

was marked "Counsel Only". See State's Ex. 1. Pursuant to Crim. R. 16(C), counsel is prohibited

from showing the physical items to defendants or any other person and may only convey the

information orally. The record reflects that Brown's defense counsel received the BCI reports,

witness statements, police reports, and photographs. State's Ex. 1.

Further, Brown would have heard all of the forensic evidence throughout his trial, and if

he had been unaware of this evidence prior to trial, he could have raised this claim within the

required timeframe. Brown cannot claim that he had no knowledge of the existence of the BCI

report or chain of custody as the grounds supporting his motion for a new trial.

Brown fails to demonstrate that new evidence was discovered that he could not with

reasonable diligence have discovered and produced at trial.


**II.    Brown's Motion for Leave for Hearing.**

The Eighth District has held that only when a "defendant submits documents that on their

face support his claim that he was unavoidably prevented from timely discovering the evidence"

must the trial court "hold a hearing to determine whether there was unavoidable delay." *State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶¶ 12-14, citing *State v. Stevens*, 2d Dist. Montgomery Nos. 23236 and 23315, 2010-Ohio-556, ¶ 11. As previously stated, Brown was aware of the grounds for his motion for new trial within the 120-day timeframe as he was present during trial and could have requested the information in a timely manner.

Brown's Motion for Leave is denied without a hearing.

**III.    Petition for Post Conviction Relief.**

Brown also filed a Petition for Post Conviction Relief claiming that this trial counsel failed to (1) obtain any discovery; (2) show him any discovery; (3) obtain additional DNA testing. "A post conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994), citing *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652.

Ohio's post-conviction statute, R.C. 2953.21(A)(1), provides, in relevant part:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

"The evidence submitted in support of the petition must meet some threshold standard of cogency 'otherwise it would be too easy to defeat the holding of [*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967)] by simply attaching as exhibits evidence that is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *State v. Hale*, 8th Dist. Cuyahoga No. 103654, 2016-Ohio-5837, ¶ 9, quoting *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist. 1995). "The evidence

submitted with the petition must be competent, relevant, and material and not merely cumulative of or alternative to evidence presented at trial." Id., citing *State v. Combs*, 100 Ohio App.3d 90, 652 N.E.2d 205 (1st Dist. 1994).

R.C. 2953.21(A)(2)(a) provides that a petition for post conviction relief may be filed 365 days after the deadline for filing the transcript in the court of appeals in the direct appeal. The transcripts in Brown's direct appeal were filed on October 9, 2012. Therefore, Brown's Petition is beyond the 365-day deadline provided in R.C. 2953.21(A)(2).

Pursuant to R.C. 2953.23(A)(1)(a), a court may consider an untimely petition not involving DNA testing only when one of the following applies: (1) "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief'"; or (2) subsequent to the R.C. 2953.21 deadline for filing a timely petition or to the filing of an earlier petition, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petition asserts a claim based on that right." Brown has failed to demonstrate he was unavoidably prevented from discovery of the facts he claims to rely upon and therefore fails the first prong of R.C. 2953.23(A)(1)(a). Brown's argument fails to meet the second prong as well as the United States Supreme Court has not recognized any new federal or state rights pertaining Brown's issue that would apply retroactively.

As Brown's Petition does not satisfy either exception listed in R.C. 2953.23(A)(1)(a), this Court does not have jurisdiction to consider the untimely Petition.

Brown's petition for post conviction relief is denied.

**IV. Brown's Sixth Amendment right to a fair trial and effective assistance of trial counsel were violated.**

When a petition for post conviction relief is based on a claim of ineffective assistance of counsel, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate: (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced him, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different." *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 26, citing *State v. Moore*, 2d Dist. Clark No. 2014-CA-66, 2015-Ohio-550, ¶ 13, citing *State v. Kapper*, 5 Ohio St.3d 36, 38, 5 Ohio B. 94, 448 N.E.2d 823 (1983); see also *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

"A reviewing court 'must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Peak*, 8th Dist. No. 102850, 2015-Ohio-4702, ¶ 16, quoting *Strickland* at 689. "Because there are 'countless ways to provide effective assistance in any given case," judicial scrutiny of a lawyer's performance must be 'highly deferential.'" *State v. Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, ¶ 37, citing *Strickland* at 689.

Thus, "decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Edgerson*, 8th Dist. Cuyahoga No. 101283, 2015-Ohio-593, ¶ 6, quoting *State v. Quinones*, 8th Dist. Cuyahoga No. 100928, 2014-Ohio-5544, ¶ 18. "(The defendant must

8

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91,100, 76 S. Ct. 158, 101 L.Ed. 83 (1955).

Brown claims that trial counsel failed to obtain discovery or show it to him. However, the record reflects that trial counsel obtained discovery from the state and, as most of the items were marked "Counsel Only", trial counsel was prohibited from showing Brown the actual evidence. Brown's claims that this trial counsel failed to discuss or show him any discovery is not supported by the record. Brown submits an affidavit claiming he had no knowledge of any of the discovery items, but fails to provide any evidentiary documentation to support his claim. Further, Brown's claims that he could have challenged the DNA evidence if he had had an expert or independent analysis is mere speculation. Furthermore, Brown fails to establish that the result would likely have been different.

### V. Brown's Petition for Post-Conviction Relief hearing.

"In postconviction cases, a trial court acts as a gatekeeper, determining whether a defendant will even receive a hearing." *State v. Hines*, 8th Dist. Cuyahoga No. 89848, 2008-Ohio-1927, ¶ 8, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. "Where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief, the court may dismiss a petition for postconviction relief without a hearing." *State v. Hostacky*, 8th Dist. No. 103014, 2016-Ohio-397, ¶ 4.

'Additionally, "[before a hearing is granted on a petition claiming ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material which contains sufficient operative facts to demonstrate a substantial violation of defense counsel's

essential duties to his client and that this ineffectiveness operated to the client's prejudice." *State v. Pheils*, 6th Dist. Wood No. WD-13-050, 2014-Ohio-1454, ¶ 18, citing *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. "Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions." *Jackson* at syllabus, citing *Rivera v. U.S.*, 318 F.2d 606 (9th Cir. 1963.)

Brown has not submitted evidentiary material to demonstrate a substantial violation and therefore a hearing is not warranted.

Brown's petition is denied without a hearing.


For the foregoing reasons, Defendant Tony Brown's Motion for Leave to File Motion for New Trial is denied.

IT IS SO ORDERED.

3/28/24
_____

DATE

_____

JUDGE NANCY MARGARET RUSSO

## CERTIFICATE OF SERVICE

This is to certify that of a copy of the Opinion was sent, by regular U.S. mail or electronically, this __28th__ day of March, 2024, to:

Michael C. O'Malley
Cuyahoga County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

Tony Brown, #631214
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044

11

# Court of Appeals of Ohio, Eighth District

## County of Cuyahoga
### Nailah K. Byrd, Clerk of Courts

STATE OF OHIO

Appellee

COA NO.
113818

LOWER COURT NO.
CR-12-560590-A

COMMON PLEAS COURT

-vs-

TONY BROWN

Appellant

MOTION NO.  579823

Date 12/02/24

---

### Journal Entry

---

Sua sponte, upon review, the court determines that the trial transcript and trial exhibits are necessary for this court to review the appeal on appellant's motion for leave to file a motion for new trial and postconviction relief.  Therefore, the record is amended to an App.R. 9(B) record. The clerk's office has been unable to locate both the transcript and exhibits in this case.

The trial court record reveals that appellee cited to and relied on both the trial transcript and exhibits in support of its brief in opposition to appellant's motion.  Additionally, the trial court also cited to and relied on the trial transcript and trial exhibits in its March 28, 2024 judgment entry denying appellant's motion.

Appellee is instructed to assist the clerk's office in locating the trial transcript and exhibits in this case on or before December 16, 2024.

Judge  Mary J. Boyle, Concurs

Judge  Anita Laster Mays, Concurs

_Kathleen Ann Keough_

Kathleen Ann Keough
Administrative Judge

Motion No. _____



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Appeals**

**MOTION FOR...**
**December 16, 2024 15:59**

By: SARAH E. HUTNIK 0095900

Confirmation Nbr. 3354875

STATE OF OHIO                                        CA 24 113818

vs.

**Judge:**

TONY BROWN

**Pages Filed:** 3

IN THE COURT OF APPEALS
EIGHTH JUDICIAL DISTRICT
CUYAHOGA COUNTY, OHIO

NO. CA-113818

STATE OF OHIO

    Plaintiff-Appellee,

v.

                              CASE NO. CR-12-560590

TONY BROWN

    Defendant-Appellant.

---

## STATE'S MOTION FOR ADDITIONAL TIME TO LOCATE TRIAL EXHIBITS

Now comes Cuyahoga County Prosecutor Michael C. O'Malley, by and through his undersigned assistant and on behalf of the State of Ohio, and respectfully requests additional time to assist in locating the trial exhibits for this case for the reasons more fully stated in the accompanying brief in support, attached hereto and incorporated herein by reference.

                Respectfully submitted,

                **MICHAEL C. O'MALLEY**
                **CUYAHOGA COUNTY PROSECUTOR**

                */s/ Sarah E. Hutnik*
                Sarah E. Hutnik (#0095900)
                Assistant Prosecuting Attorney
                The Justice Center, 8th Floor
                1200 Ontario Street
                Cleveland, OH 44113
                (216) 443-7800

## BRIEF

On December 2, 2024, this Court determined that the transcript and the trial transcripts were necessary to review Appellant's appeal of the trial court's denial of his Motion for Leave to File Motion for New Trial. This Court instructed the undersigned to assist the clerk's office in locating the trial transcripts and trial exhibits by December 16, 2024.

Undersigned has worked with the clerk's office of both the Eighth District Court of Appeals and the Cuyahoga County Court of Common Pleas to locate those items. It is undersigned counsel's understanding that the transcript has been located and added to the case file in this case. However, the trial exhibits have not yet been located. It is undersigned counsel's understanding that there are a few places remaining to be checked. Therefore, undersigned counsel requests an additional three weeks to assist the clerk's office in locating the trial exhibits. Undersigned counsel spoke with the clerk's office prior to requesting this additional three weeks and was informed that it would be adequate to check those remaining locations, especially given the holiday season and pre-approved leave.

Based on the foregoing, the State respectfully requests additional time to assist in locating the trial exhibits in this case.

Respectfully submitted,

**MICHAEL C. O'MALLEY**
**CUYAHOGA COUNTY PROSECUTOR**

*/s/ Sarah E. Hutnik*
Sarah E. Hutnik (#0095900)
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113
(216) 443-7800
shutnik@prosecutor.cuyahogacounty.us

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion was provided by electronic mail this December 16, 2024

to:

Tony Brown, A631314
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH 44044

*/s/ Sarah E. Hutnik*
Sarah E. Hutnik (#0095900)
Assistant Prosecuting Attorney

Motion No. _____



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Appeals

**OTHER**
**January 6, 2025 14:39**

By: SARAH E. HUTNIK 0095900

Confirmation Nbr. 3368901

STATE OF OHIO                                        CA 24 113818

vs.

TONY BROWN                                  **Judge:**

**Pages Filed:** 2

IN THE COURT OF APPEALS
EIGHTH JUDICIAL DISTRICT
CUYAHOGA COUNTY, OHIO

NO. CA-113818

STATE OF OHIO

    Plaintiff-Appellee,

v.

TONY BROWN

    Defendant-Appellant.

CASE NO. CR-12-560590

---

### STATE'S RESPONSE TO COURT INSTRUCTIONS

---

Now comes Cuyahoga County Prosecutor Michael C. O'Malley, by and through his undersigned assistant and on behalf of the State of Ohio, and respectfully responds to this Court's instructions to assist the clerk's office in locating the official trial transcript and exhibits. As previously stated, the official trial transcript was located. After reviewing the prosecutor file, the official trial exhibits are not in the State's possession. The State had previously requested additional time for the clerk's office to complete their search. Undersigned has been informed by the clerk's office that the search was completed, and they were unable to locate the official exhibits.

Respectfully submitted,

**MICHAEL C. O'MALLEY**
**CUYAHOGA COUNTY PROSECUTOR**

*/s/ Sarah E. Hutnik*
Sarah E. Hutnik (#0095900)
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113
shutnik@prosecutor.cuyahogacounty.us

## CERTIFICATE OF SERVICE

A copy of the foregoing Response was provided by electronic mail this January 6, 2025 to:

Tony Brown, A631314
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH 44044

*/s/ Sarah E. Hutnik*
Sarah E. Hutnik (#0095900)
Assistant Prosecuting Attorney

**CUYAHOGA COUNTY, OHIO**

_____     CASE NO. _CR-12-560590A_

Plaintiff

              **AFFIDAVIT OF INDIGENCY**

-vs.-

_Tony Brown_

Defendant

_Tony Brown_, the undersigned, being first duly sworn,

does depose and states:

1. That I am a party in the above styled case;

2. That I am indigent and unable to pay the costs and charges involved in the within matter;

3. I submit the following information in support of my assertion of indigency:
   PLACE OF EMPLOYMENT: _____
   LENGTH OF EMPLOYMENT: __N/A__ TO _____
   GROSS WEEKLY INCOME: __N/A__
   TOTAL GROSS INCOME (FROM ALL SOURCES) IN LAST 26 WEEKS: ____
   TOTAL ASSETS: __N/A__
   REAL ESTATE: __N/A__ MARKET VALUE: _____
   MORTGAGES: __N/A__

4. The information set forth above is true and complete to the best of my knowledge and belief.

                           _____
                           Appellant - Indigent

SWORN TO AND SUBSCRIBED BEFORE ME, A NOTARY PUBLIC IN AND FOR

THE COUNTY AND STATE THIS __25th__ DAY OF __September__, __2023__.

                          _Elizabeth Osborne_
             NOTARY PUBLIC

ELIZABETH OSBORNE
Notary Public
State of Ohio
My Comm. Expires
June 25, 2026

| Description | Beginning | Ending | Amount |
|---|---|---|---|
| Resident Id: a631214 | | | |
| Last Name: BROWN | | | |
| First Name: TONY | | | |
| Middle Name: | | | |
| | | | |
| Total Deposits | 5/25/2025 12:00:00 AM | 11/25/2025 12:00:00 AM | $1,614.50 |
| Average Monthly Deposits | 5/25/2025 12:00:00 AM | 11/25/2025 12:00:00 AM | $269.08 |
| | | | |
| Total 1st Day Balances | 5/25/2025 12:00:00 AM | 11/25/2025 12:00:00 AM | $320.89 |
| Average 1st Day Balances | 5/25/2025 12:00:00 AM | 11/25/2025 12:00:00 AM | $53.48 |
| | | | |
| Balance as of | | 11/25/2025 12:00:00 AM | $43.27 |
| Current Balance | | 11/25/2025 12:00:00 AM | $43.27 |
| | | | |
| FFF Initial Payment as of | | 11/25/2025 12:00:00 AM | $53.82 |
| | | | |
| Total Pay (State, OPI, Commis | 5/25/2025 12:00:00 AM | 11/25/2025 12:00:00 AM | $99.50 |
| Average Total Pay Monthly De | 5/25/2025 12:00:00 AM | 11/25/2025 12:00:00 AM | $16.58 |
| Total Commissary Expenditure | 5/25/2025 12:00:00 AM | 11/25/2025 12:00:00 AM | $1,648.19 |

I certify this document is a tru

of the inmate's financial record

Signature:

Ryan D Carroll

Ross Correctional Institution

16149 St. Rt. 104

Chillicothe OH 45601