# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TONY BROWN,

               Petitioner,    :       Case No. 2:26-cv-00028

   - vs -                      District Judge Edmund A. Sargus, Jr.
                                   Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
 Ross Correctional Institution,

                                 :
          Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Tony Brown brought this habeas corpus case *pro se* under 28 U.S.C. § 2254 to obtain relief from his 2012 conviction in the Cuyahoga County Court of Common Pleas and his incarceration in Respondent's custody.  The case is ripe for decision on the Petition (ECF No. 2), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11), and Petitioner's Traverse/Reply (ECF No. 13).

**Litigation History**

On March 19, 2012, a Cuyahoga County grand jury indicted Brown on eleven counts — two counts of aggravated burglary in violation of Ohio Revised Code § 2911.11(A)(1) and (A)(2); one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1); one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2); five counts of kidnapping

1

in violation of Ohio Revised Code § 2905.01(A)(2); one count of aggravated theft in violation of Ohio Revised Code § 2913.02(A)(1); and one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13(A)(3). Nine of the eleven counts included one-year and three-year firearm specifications under Ohio Revised Code § 2941.141. A trial jury found Brown guilty on the first nine counts but not guilty of felonious assault. He was found guilty on the weapons charge after trial to the bench and sentenced to thirty-one years imprisonment.

Brown through new counsel took a direct appeal to the Ohio Eighth District Court of Appeals. He pleaded three assignments of error which were all overruled. *State v. Brown*, 2013-Ohio-2690 (Ohio App. 8th Dist. Jun. 27, 2013). He did not appeal further to the Ohio Supreme Court.

On August 25, 2023, Brown filed a motion for leave to file a delayed motion for new trial, along with the proposed motion for new trial and a petition for post-conviction relief (State Court Record, ECF No. 10, Ex. 35). The trial court denied relief (*Id*., Ex. 40) and Brown appealed to the Eighth District which affirmed denial of the motions. *State v. Brown,* 2025-Ohio-274 (Ohio App. 8th Dist. Jan. 30, 2025). The Ohio Supreme Court declined to exercise further jurisdiction. *State v. Brown,* 178 Ohio St.3d 1491 (2025).

Brown then filed his Petition in this Court, pleading the following Grounds for Relief:

> **Ground One**: appeals court violating appellate rules 9 and 10 violates due process rights under 14th amendment in U.S. Constitution.
>
> **Supporting Facts:** the state district appeals court totally disregarded all of petitioner's appellate procedural rights defined in Ohio appellate rules 9 and 10 by allowing the state to not produce the mandatory required certified trial transcript with its trial evidence exhibits in violation of state laws and the 14th amendment of the U.S. Constitution.

2

**Ground Two:** suppression and destroying material *brady* evidence violated petitioner's due process rights in the 14th amendment (U.S. Const.)

**Supporting Facts**: the state's suppressing and destroying exculpatory material *brady* evidence violated state laws and petitioner's due process rights defined in the 14th amendment of the U.S. Constitution

**Ground Three**: denial of motion for leave to file motion for new trial and i.e./post conviction relief petition violated petitioner's due process rights in the 14th amendment in U.S. Constitution

**Supporting Facts:** the denial of petitioner's motion for leave to file motion for new trial and i.e. post relief petition (that contains claim of ineffective assistance of counsel, reliance on accuser's perjured testimony, no evidence of gun operability) which violated the 14th amendment in the U.S. Constitution

**Ground Four:** denial of evidentiary hearings by the trial court and appeals court violated 14th amendment in U.S.Constitution

**Supporting Facts**: the trial court (i.e. and appeals court) denial of an evidentiary hearing denied petitioner his required procedure right in violation of his due process rights in the 14th amendment in the U.S. Constitution

(Petition, ECF No. 2, PageID 5-10).

# Analysis

**Statute of Limitations**

Respondent asserts the Petition is barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") enacted a statute of limitations for habeas corpus actions for the first time.  Now codified at 28 U.S.C. § 2244(d), it provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction was affirmed on appeal on June 27, 2013. From then he had forty-five days to appeal to the Ohio Supreme Court, or until August 11, 2013. When he did not appeal by that date, the statute began to run and expired one year later on August 11, 2014, unless Brown can establish a later starting date.

Brown claims he is entitled to equitable tolling of the statute until he filed his Petition here by depositing it in the prison mailing system on January 7, 2026 (See Petition, ECF No. 2, PageID 15). A prisoner's filing in federal court is deemed made on the date deposited in the prison mailing system. *Houston v. Lack*, 487 U.S. 266 (1988). The same rule applies to filing a petition for writ of habeas corpus or § 2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling.

*Holland v. Florida*, 560 U.S.  631, 645 (2010). However, a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250 (2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control."  *Menominee Indian Tribe*, 577 U.S. 250, citing *Holland* (emphasis sic).   The requirement is conjunctive:  a petitioner must show both diligent effort and some preventive extraordinary circumstance.

In terms of Petitioner's efforts, the record shows no court filings between affirmance by the Court of Appeals on June 27, 2013, and the motion for new trial filed August 25, 2023 (State Court Record, ECF No. 10, Exs. 33 and 34).  The motion for new trial is said to be based on "new evidence of withheld exculpatory evidence only obtained in 2023 by public records demands conducted by and through a family friend. (Affidavits ET.AL attached)." (PageID 2762).  Attached are copies of public records demands made by Ashley Paddock as a family friend/ associate of Brown, the earliest of which is dated in October 2022.

In denying the motion for new trial, the trial judge found that Brown had not proven by clear and convincing evidence that he was unavoidably prevented from obtaining the evidence he relied on (Journal Entry, State Court Record, ECF No. 10, Ex. 40, PageID 3027).  The judge also found that a good deal of the evidence relied on had been introduced at trial and thus was known to Brown and his attorney. *Id.* Those findings of fact are binding on this Court unless Brown overcomes them with clear and convincing evidence, which he has not done.  That finding negates any claim that Brown was diligent in pursuing the claims he makes here during the twelve years

5

between the finality of his conviction and the filing of his motion for new trial.

In addition to diligent effort, a petitioner in Brown's position must show some extraordinary circumstance outside himself that prevented him from filing. *Menominee Indian Tribe, supra.* On this issue, Brown argues repeatedly about the incompleteness of the record from his perspective. He argues:

> Missing trial exhibits, a missing sentencing transcript, and untranscribed proceedings are extraordinary circumstances when the claims depend on the contents and integrity of those materials. **Petitioner acted diligently once these deficiencies became apparent.** Dismissal on limitations grounds would be inequitable before the Court determines the effect of the missing record on Petitioner's ability to file and develop his claims.

(Reply, ECF No. 3, PageID 5180; emphasis supplied). § 2244(d)(1)(B) speaks of a state-created impediment to filing, not to eventual litigation of the case **after** filing.

Brown's complaints about the state of the record begin at the outset of his Traverse:

> This case does not come to the Court with a complete, reliable, and reviewable state-court record. Respondent has acknowledged that trial exhibits remain missing, that the sentencing transcript cannot be located, and that the arraignment appears to have been recorded but not transcribed.

(Reply/Traverse, ECF No. 13, PageID 5170). The complaint is repeated many times in the Traverse and bespeaks an understanding that habeas corpus is the next step in the appellate process. That is a misunderstanding. Habeas corpus is available only to correct convictions which were reached after some federally unconstitutional conduct in the state system. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "A petitioner must claim that his custody violates federal law, not state law, not some other source of law." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020) (citing *Wilson*. "[I]t is not the province of a federal

habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).  To speak just to the specific claims made in the quoted paragraph, sitting in habeas this Court almost never sees trial court exhibits and cannot imagine what difference a transcript of the arraignment would make.

In addition to claiming equitable tolling, Petitioner also claims actual innocence (Reply, ECF No. 13, PageID 5180, *et seq*.)  Proof of actual innocence will excuse failure to file within the statute of limitations.  *McQuiggin v. Perkins*, 569 U.S. 383 (2013), is the controlling case.  In *McQuiggin* the Supreme Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

569 U.S. at 386-87.  In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit explained what needed to be shown to establish actual innocence:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*

7

> *v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is
> whether "new facts raise[] sufficient doubt about [the petitioner's]
> guilt to undermine confidence in the result of the trial." *Id*. at 317.
> To establish actual innocence, "a petitioner must show that it is more
> likely than not that no reasonable juror would have found petitioner
> guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted
> that "actual innocence means factual innocence, not mere legal
> insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L.
> Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim
> requires petitioner to support his allegations of constitutional error
> with new reliable evidence -- whether it be exculpatory scientific
> evidence, trustworthy eyewitness accounts, or critical physical
> evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.
> The Court counseled however, that the actual innocence exception
> should "remain rare" and "only be applied in the 'extraordinary
> case.'" *Id.* at 321.

395 F.3d at 590.  The best example of proven actual innocence comes from *House v. Bell,* 547 U.S. 518 (2006). A woman was raped and murdered.  At trial the State proved that her blood was on pants taken from defendant at his arrest.  To show his actual innocence, defendant proved in habeas that the pants had been shipped to a forensic laboratory with a vial of his blood which broke in route.  Brown has offered no new evidence of this level of persuasiveness.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes the Petition is barred by the statute of limitations and should be dismissed with prejudice on that basis.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be

objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 26, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.